## Case No. 7,595.

### KAIN v. GIBBONEY et al.

[3 Hughes, 397.] [1]

Circuit Court, W. D. Virginia. 1876. [2]

WILLS—CHARITABLE BEQUEST—CERTAINTY OF BENEFICIARY.

1. A clause in a will which provided that if the testator should become a member of any of the religious communities attached to the Roman Catholic Church, and should be so at the time of her death, then the previous bequests of her will to be avoided, and a fund named in the will was to go to Richard V. Wheelan, as bishop of said church, or his successor in said dignity, in trust for the benefit of the commu-

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]
[2] [Affirmed in 101 U. S. 362.]

nity in which she should die a member. *Held*, not to be a good bequest to the "Sisters of St. Joseph," as beneficiaries, and to Bishop Kain, successor to Bishop Wheelan, as trustee, for want of certainty.

[2. Upon a bill asking for an issue of devisavit vel non, and denying the existence of a will because of the incompetency of testatrix for infancy, a decree was made by consent setting aside the issue of devisavit, and providing for certain payments under the will. It is claimed that this consent decree acts as a res judicata or as an agreement as to the sufficiency of the bequests under the bill. *Held* to have no such effect.]

[This was a bill in equity by Richard V. Wheelan, bishop of Wheeling, against E. G. Gibboney, executrix of Robert Gibboney, deceased. The plaintiff having died pending suit, it was revived in the name of his successor, the present plaintiff, John J. Kain, as bishop of Wheeling.]

RIVES, District Judge. According to the view presented of this cause by the complainant's counsel, it grows out of the conceded fact that the defendant, Robert Gibboney's administratrix, is accountable for a fund of about $8,000 belonging to the estate of the late Eliza L. Matthews. That lady left a will, dated the 9th of December, 1854, which was admitted to probate in March, 1861. By this will it was provided that if she became a member of any of the religious communities attached to the Roman Catholic Church, and should be such at the time of her death, then the previous bequests of her will were avoided, and the fund in question, by the terms of the will, was to go to Richard V. Wheelan, as bishop of said church, or his successor in said dignity, for the benefit of the community of which she died a member. It is averred that this contingency happened. That she died a member of a religious community attached to the Roman Catholic Church, known as the "Sisters of St. Joseph;" hence this suit is brought to recover this fund of the female defendant, so ascertained to be in her hands. This recovery depends on the validity of this bequest to the complainant; if void through his incapacity to take, or the uncertainty of the beneficiaries, then it must revert to the next of kin or heirs at law of the testatrix. Hence the obvious propriety and necessity of making them parties to this suit. But this necessity is supposed to be avoided by the result or compromise of a suit on which the complainant relies as having established his title to this fund. At my instance the record of that suit has been brought into this case. It appears to have been a bill of Alexander S. Matthews, a brother of the testatrix, denying the existence of the will on the sole ground of the incompetency of the alleged testatrix by reason of her infancy, and asking for an issue of devisavit vel non. The heirs at law of said Eliza L. Matthews were, of course, made defendants to this bill. In October, 1871, this issue was granted, and

directed to be tried as between the legatees propounding the will, as plaintiffs, and the heirs at law as defendants. This was all that was really contemplated by the bill. No question was raised as to the validity of the bequest to Bishop Wheelan. And it is not seen how the prayer for general relief under such circumstances can be interpreted as enlarging the scope and design of said bill.

Under this state of pleadings a decree was made by consent of counsel, setting aside and dismissing this issue of devisavit vel non, and after awarding Alexander S. Matthews one-tenth of this fund, and providing for certain other payments, directing "the devisee under the will of said Eliza Matthews to collect the residue of said estate." It is assumed and may be conceded that by the "devisee" the complainant in this case is meant. Now it is claimed that by this decree, either as res adjudicata, or agreement of parties, all questions as to the validity of this bequest were conclusively abandoned or waived; and the title ascertained to be only in the parties recognized as claimants by this consent decree. Hence, none but these parties are now made defendants to this present bill. But it is apparent that this consent decree does not purport to be the judgment of the court. Nothing was thereby submitted to the court or passed upon by it. There is, therefore, no pretence for assigning to it the rank and conclusive effect of a res adjudicata. Nor can it be regarded as an agreement embracing the validity of this bequest, and foreclosing all future questions in regard to it. The authority of the council signing this decree to bind the parties to such an agreement, so evidently beyond the sphere of their employment in this case, may be well questioned. At any rate, the decree by their consent cannot bind the infant heirs at law of Eliza L. Matthews, defendants to that cause.

I think, therefore, the bill in this case is framed upon a misconception of the legal force and effect of the consent order in the case of Matthews v. Matthews [Case No. 9,287], and is, therefore, demurrable for want of proper parties. This defect, however, is curable through leave to amend. But with my opinion of the incapacity of the former or present plaintiff to sue, or take under this bequest, and of the invalidity thereof from the want of the requisite certainty of the beneficiaries, it would be improper to grant this leave. I cannot believe that the terms of the bequest designate the bishop of Wheeling, or his successor personally, as the trustee, without reference merely to his official character and official succession; on the contrary, I am of opinion that the employment of the term "trustee" is merely in substance and meaning a substitute for the phrase "in trust," used in the pecuniary legacy of $500 in the first clause of the will. But even if this were not

so, the cestui que trust, the "Sisters of St. Joseph," cannot be recognized as valid claimants under this will, and it is not in the power of this court to allow the enforcement of so vague, uncertain, and illegal a trust. The demurrer, therefore, to the sufficiency of the bill must be sustained, and the bill dismissed.

[NOTE. Mr. Justice Strong delivered the opinion of the supreme court affirming this case. The doctrine generally followed in this country allowing to courts of equity original and inherent jurisdiction over charities is shown by the learned justice to have no place in Virginia. The courts in that state have uniformly held that charitable bequests are not to be upheld to any greater extent than ordinary trusts. The great uncertainty in the beneficiaries renders the bequest nugatory. It is equally certain that the complainant cannot stand upon the consent decree. No decree was made that the will was valid. The defendant was not a party to the agreement recited in the decree. Moreover, it could confer no right upon the present complainant, who was not a party to the suit at that time. 101 U. S. 362.]